```
                     UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF LOUISIANA

DELISIA M. MITCHELL AND                          CIVIL ACTION
EMELDA J. MITCHELL

VERSUS                                           NO: 07-8763

ALLSTATE INSURANCE COMPANY                       SECTION: R(3)
```

## ORDER AND REASONS

Before the Court is plaintiffs' motion to remand. Because the jurisdictional amount requirement is not met, the Court GRANTS plaintiffs' motion.

## I.   BACKGROUND

Plaintiffs insured their house that was damaged in Hurricane Katrina with a homeowner's policy issued by defendant Allstate Insurance Company. Plaintiffs sued Allstate for additional coverage in the First City Court for the City of New Orleans, bringing claims for breach of contract and improper claims adjustment. In their state court petition, plaintiffs specify

that they seek coverage up to the limits of their policy and attorney's fees and statutory penalties under La. Rev. Stat. §§ 22:658, 22:1220. Allstate removed this case to federal court on diversity grounds, asserting that the amount-in-controversy requirement of 28 U.S.C. § 1332(a) is met because although it has already paid plaintiffs under their policy, more than $75,000 in potential coverage remains.

## II. LEGAL STANDARDS

### A. Removal

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal is appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Though the Court must remand the case to state court if at any time before final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the

time of removal. *See* 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

    **B.**    **Amount in Controversy**

Under Fifth Circuit law, a removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages. *See Allen*, 63 F.3d at 1335. When the plaintiff alleges a damage figure in excess of the required amount in controversy, "that amount controls if made in good faith." *Id.* (*citing St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). If a plaintiff pleads damages less than the jurisdictional amount, this figure will also generally control, barring removal. *Allen*, 63 F.3d at 1335. "Thus, in the typical diversity case, the plaintiff is the master of his complaint." *Id*.

Here, however, plaintiffs filed their complaint in Louisiana state court, and Louisiana law ordinarily does not permit plaintiffs to plead a specific amount of money damages. When, as here, plaintiffs have alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen*, 63 F. 3d at 1335; *see also De Aguilar v.*

*Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). A defendant satisfies this burden either by showing that it is facially apparent that the plaintiff's claims exceed the jurisdictional amount or by setting forth the facts in dispute supporting a finding that the jurisdictional amount is satisfied. *Allen*, 63 F.3d at 1335. The defendant must do more than point to a state law that might allow plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000. *See De Aguilar*, 47 F.3d at 1412. Where the "facially apparent" test is not met, it is appropriate for the Court to consider summary-judgment-type evidence relevant to the amount in controversy as of the time of removal. *Allen*, 63 F.3d at 1336.

### III. DISCUSSION

Allstate has not carried its burden of showing that the amount in controversy in this case exceeds $75,000. As of the date of removal, plaintiffs' state court petition did not allege a specific amount of damages. Plaintiffs' decision to file suit in the City Court of New Orleans indicates that the amount-in-controversy requirement is not met. As both parties acknowledge, the jurisdiction of the City Court is limited to cases in which the "amount in dispute, or the value of the property involved

4

does not exceed [$25,000]." La. Code Civ. P. art. 4843(E). But Allstate contends that the jurisdictional amount is satisfied because plaintiffs seek to recover their policy limits and fees and penalties. Allstate specified in its notice of removal that plaintiffs' homeowner's policy has limits of $172,000 for plaintiffs' house, $17,200 for other structures, and $51,600 for personal property, along with 12 months of actual living expenses and included an affidavit from a claims representative that more than $75,000 remains between these limits and the payments that plaintiffs have received. Plaintiffs, however, filed a stipulation along with their motion to remand that their damages on all counts, including penalties and fees recoverable under either La. Rev. Stat. §§ 22:658, 22:1220 do not exceed $75,000.

If the amount in controversy is ambiguous at the time of removal, the Court may consider a post-removal stipulation, but only to determine the amount in controversy as of the date of removal. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia, S.A.*, 988 F.2d 559, 565 (5th Cir. 1993) (When the affidavit "clarif[ies] a petition that previously left the jurisdictional question ambiguous," the court may consider the affidavit in determining whether remand is proper.) When, on the

5

other hand, the amount in controversy is clear from the face of the complaint, post-removal stipulations purporting to reduce the amount of damages plaintiffs seek cannot deprive the Court of jurisdiction. Here, the amount in controversy was, at best, ambiguous at the time of removal. Although plaintiffs do not specify their amount of damages, they do seek their policy limits. However, they also filed suit in a court whose jurisdiction is limited to cases valued at $25,000 or less. Plaintiffs affirmatively state that their damages and attorney's fees and penalties recoverable under La. Rev. Stat. §§ 22:658, 22:1220 do not exceed $75,000. Those statements amount to judicial confessions and are binding stipulations on the plaintiff. *See Engstrom v. L-3 Commc'ns Gov't Servs., Inc.* No. Civ. A. 04-2971, at *4-5 (E.D. La. Dec. 23, 2004). *See also Lilly v. Allstate Ins. Co.*, Civ. A. No. 07-8087, at *1 (E.D. La. Nov. 30, 2007). Therefore, they satisfy the principle that "plaintiffs will have to show that they are bound by their state pleadings." *De Aguilar*, 47 F.3d at 1412. Further, if plaintiff ever sought to amend her complaint to recover additional damages, giving State Farm cause to remove this case a second time, then State Farm can seek equitable estoppel of the removal statute's one-year limitation based on the specific facts surrounding that removal. *See Lilly*, 2007 WL 4255616, at *1. Plaintiffs' stipulation is

sufficient to show that the amount in controversy is less than $75,000. Accordingly, the requirements for federal jurisdiction under 28 U.S.C. § 1332(a) are not met in this case. Therefore, the Court must remand this case to state court.

**IV.  CONCLUSION**

For the foregoing reasons, the Court GRANTS plaintiffs' motion and REMANDS this case to the First City Court for the City of New Orleans.

New Orleans, Louisiana, this 24th day of April 2008.

_____*Sarah Vance*_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE